[Civ. No. 1237. Fourth Appellate District.—June 16, 1933.]

ANNE WALKER, Respondent, v. ALBERT BACON, Appellant.

Ray W. Hays and Wakefield & Hansen for Appellant.

Frank Curran and Lawrence B. Myers for Respondent.

ANDREWS, J., *pro tem.*—The essential facts developed on trial are: That both parties were employees of Fresno County, defendant a traffic officer, plaintiff a visiting nurse. Both had reason to go out of town on business connected with their work. Defendant invited plaintiff to ride with him and he would go first to the place he was to visit and then take her to the place she must go. The road at the place of the accident was paved with bitumen to the width of sixteen feet with dirt shoulders two or three feet wide on each side, making the width about twenty-two feet in all. It is described as of old-fashioned construction, crowning in the center, and not very smooth. A cement culvert crossed under the road, on the end of which was some sort of cement guard, three feet high, into which the car ran, the track marks showing a sudden sharp deflection from its course into the cement culvert. Both parties were injured and neither was able to tell what happened nor what caused the car to leave the road. No other car was passing. Defendant was driving around sixty miles per hour and plaintiff protested that it was too fast. The steering gear was worn and unsafe, of which defendant had been notified.

The decision to be arrived at depends upon the construction to be given the words "wilful misconduct". Construed according to ordinary or popular definition they would mean any act not conforming to right behavior, done purposely. This definition would describe most acts of negligence. For instance, reckless driving is wrong in law and as deportment, is done knowingly but is only negligence. The history of the legislation culminating in limiting liability to acts of wilful misconduct in guest cases gives evidence of a purpose to eliminate entirely the element of negligence as a basis of liability. The cases cited all agree that the legislature intended by these words something other and different than negligence, whether ordinary or gross. The legislative sense of fair play seems to have been shocked by the perverted use of the law of negligence in guest cases to recover indirectly against insurance companies by suits against indifferent and irresponsible hosts, in some cases being a conspiracy between guest and host against the insurance carrier. The intent of the law as it stands must be derived from a construction so far technical that it does

not embrace any meaning wherein negligence would be included, or the acts, if constituting negligence, must be subordinated to the idea of intent.

The cases quite generally use the word "intent" as pointing out the purpose of the law, the key with which to unlock its meaning. Wilful misconduct refers to intentional acts, that is, acts designed to bring about the result involved in the suit. Some cases point out that the wrongful act complained of may be either positive or negative, one of commission or omission, but either or both must be intentional. In any definition of intent there is no room for any constructive knowledge because intent implies actual knowledge. Intent relates to a mental state or purpose, and there can be no direct testimony of the fact of its existence except on the part of the person who is charged with having the intent. The fact of its existence can be deduced from statements or conduct of the party in the light of surrounding circumstances or any motive or influence shown to exist.

The intent involved in the term "wrongful" is such intent as must be an element of most crimes, a deliberate purpose to accomplish the wrongful act complained of in the suit. Of course, such a conception of the purpose of the legislature must recognize that practically no guest cases can be maintained at all, for rarely, if ever, would there be a case of intentional wrecking of a car by its owner or driver. Nevertheless, it is believed that this must be held to be what was intended by the enactment of the law, for there is no other logical stopping place. Any other construction which attempts to work out a basis of liability growing out of these words will end in permitting recovery on the basis of negligence and is what leads to the confusion which exists. Therefore, the rule should not be difficult to express. Wilful misconduct would be an act done by the host with intent to cause the disaster involved in the suit with consequential damages to the guest, or the failure by the host to prevent the disaster, intending by such omission to permit the occurrence, with such injuries as would probably result therefrom to the guest.

The evidence in the instant case nowhere justifies a finding by the jury that defendant intended to cause the car to be wrecked with consequent injury. He may have been driving faster than was safe and did not cease to do so at

plaintiff's request, and this may have been a contributing cause to her injuries, and he may have been warned that the steering gear was worn and dangerous, and he may have used bad judgment and have been negligent, but not a word of testimony or a circumstance connected with his conduct would lead to the inference that he deliberately caused or permitted the accident.

The other propositions advanced by appellant as errors are not considered or discussed, it being deemed best to rest the action taken by this court upon the view that the evidence does not support the judgment.

Judgment reversed.

MARKS, J., Concurring.—I concur in the order reversing the judgment but place my concurrence upon grounds other than those set forth in the foregoing opinion. In order to make my position clear, it is necessary to further review some of the facts of the case which are not particularly emphasized in the opinion of my associate.

The road over which appellant was driving just before the accident was not smooth. He described it as having a high center, and narrow, and with deep ditches on either side. He had been over the road many times. I quote from his testimony: "Q. . . . Eliminating the question of duty and considering the question of the condition of that highway, would you drive in excess of 40 miles an hour, ordinarily over it? A. No. Q. And you would not because of the condition of the highway, isn't that a fact? A. Yes." There is no evidence indicating that any duty required appellant to drive at a high rate of speed at the time of the accident.

Respondent testified that she became frightened at the rate of speed at which appellant was driving and saw that the speedometer was registering sixty miles an hour. She asked him not to drive so fast, but he increased his speed. She asked him again just before the accident not to drive so fast. Appellant testified that the speedometer registered about ten per cent slow.

Appellant's son testified that he had greased the car before the accident and that "the steering knuckle of the arm, from the steering column down, underneath the car, was very badly worn. Q. Is that steering knuckle— A.

Yes, the piece that fits over it. Q. It was badly worn? A. Yes, sir. Q. Did you say anything to your father about that condition you observed? A. Yes, sir. Q. Did you tell him it was unsafe to drive his car? A. Yes. Q. Very well. How many times did you tell him, prior to March 15th? A. Twice that I remember of.''

Numerous attempts have been made to define ''wilful misconduct'' without any definitely satisfactory result. In *Helme* v. *Great Western Milling Co.*, 43 Cal. App. 416 [185 Pac. 510, 512], it was said: '' 'Wilful misconduct' means something different from and more than negligence, however gross.'' (See, also, *Howard* v. *Howard, ante*, p. 124 [22 Pac. (2d) 279, 281].) It invites difficulties to conclude that ''wilful misconduct'' is ''something different'' from negligence. If there is no negligence there can be no wilful misconduct, for if there be no negligence the driver of an automobile must be operating it in accordance with all the rules of the road and the dictates of prudence and caution. It is obvious that under such circumstances there could be no wilful misconduct. It should be true that wilful misconduct is ''more than negligence, however gross''.

Gross negligence has been defined as '' 'the want of slight diligence', as 'an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others', and as 'that want of care which would raise a presumption of the conscious indifference to consequences' ''. (*Howard* v. *Howard, supra; Krause* v. *Rarity,* 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327] ; 19 Cal. Jur. 554, and cases cited.) When the legislature in 1931 omitted gross negligence from the grounds upon which a guest could recover damages against the owner, driver or person responsible for the operation of the motor vehicle, it restricted the right of recovery to intoxication or wilful misconduct. While negligence may be involved in wilful misconduct it is apparent that the legislature intended to confine the right of recovery to a degree of carelessness and recklessness that is greater and beyond that which the law then knew and defined as gross negligence and which is ''wilful'' on the part of the responsible person. While it is difficult to define that degree of carelessness which the legislature must have had in mind, it is my opinion that it must be held that

wilful misconduct is wilfully, that is intentionally, doing something which a driver should not do, or failing to do something which he could do in the operation of a motor vehicle under circumstances from which an accident and injury to the passenger would be probable. Of course, wilful misconduct may be inferred from the circumstances surrounding the accident.

Taking into consideration the fact that appellant drove his automobile at a speed of at least sixty-six miles an hour over a high-crowned road that was not smooth when he knew the condition of the road did not justify a speed of more than forty miles an hour, and knowing further that his automobile had a very badly worn steering knuckle, it is my opinion that his conduct might have been wilful misconduct, and that the jury was fully justified in drawing the conclusion that he was guilty of wilful misconduct. This evidence, if believed, showed that he was intentionally doing something with a knowledge that serious injury would be a probable result to his passenger.

The trial judge gave the following instructions to the jury in which the attempt was made to define "wilful misconduct":

(a) "Plaintiff alleges that the defendant drove and operated his automobile at a high and dangerous rate of speed, and in such a careless and reckless manner, without regard to the safety of the plaintiff, that he caused the automobile to run into a concrete culvert on the edge of the highway, and that the carelessness, recklessness and wilful misconduct of the defendant was the sole, direct and proximate cause of said accident and the injuries which plaintiff received. The defendant denies these allegations and it is upon the issues raised by the complaint and the answer that the case is submitted to the jury."

(b) "The burden is on the plaintiff to prove by preponderance of the evidence that the defendant was guilty of wilful misconduct in the operation of his vehicle at the time and place in question, and, likewise, to prove by a preponderance of the evidence that the injuries received by plaintiff, if any, proximately resulted from the wilful misconduct of the defendant."

(c) "The word 'Wilfully' when applied to the intent with which an act is done or omitted, implies simply a purpose

or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage."

(d) "You are instructed that to constitute 'wilful misconduct' there must be actual knowledge, or that which in law is deemed to be the equivalent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury."

(e) "In order to prove the requisite knowledge, it is not necessary for the evidence to show positively that the person was notified of the unsafe condition of the road or the automobile, but that it is sufficient if it appears that the circumstances surrounding the act of commissions or omissions are such as evinces a reckless disregard for the safety of others and a willingness to inflict the injury complained of."

(f) "If you believe from the evidence in the case that the defendant at the time and place referred to in plaintiff's complaint was guilty of 'wilful misconduct' in the operation of his automobile and that said 'wilful misconduct' directly and proximately resulted in and caused said automobile in which plaintiff was a passenger to run into a concrete culvert on the edge of the highway and be wrecked and if the wrecking of said automobile and the injuries plaintiff received thereby, if any, were caused directly and proximately by the 'wilful misconduct' of the defendant in the operation of his automobile, then I instruct you that plaintiff is entitled to recover against the defendant, Albert Bacon."

(g) "If you find that the defendant, Albert Bacon, at the time and place referred to in plaintiff's complaint, drove and operated his automobile with the knowledge of the peril of the unsafe condition of the road and with conscious indifference to consequences, then you are instructed that said defendant, Albert Bacon, was guilty of 'wilful misconduct' in the operation of his automobile."

Instructions which I have designated "b" and "f", seem to have been given on motion of the court. The other instructions were proposed by respondent and given with slight modifications in "a", "d", "e", and "g". There were no other instructions given on "wilful misconduct".

These instructions would be proper in defining gross negligence. When the court told the jury that in "wilful misconduct" there must be an actual and conscious knowledge or its equivalent of the peril to be apprehended and a like failure to act and that this knowledge may be inferred from circumstances showing "a reckless disregard for the safety of others and a willingness to inflict the injury complained of" it did no more than say that wilful misconduct may be "an entire failure to exercise care or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others" and "that want of care which would raise a presumption of the conscious indifference to consequences" which constitutes gross negligence as defined in *Krause* v. *Rarity, supra*. It falls far short of applying the rule that "wilful misconduct is wilfully, that is intentionally, doing something which a driver should not do, or failing to do something which he could do in the operation of a motor vehicle under circumstances from which an accident and injury to the passenger would be probable".

The quoted instructions permitted a recovery by respondent for gross negligence only. The implied finding of the jury might indicate a conclusion by that body that appellant was only guilty of gross negligence that did not amount to wilful misconduct. Under these circumstances the judgment should not stand. A new trial should be had so that it may be determined in the court below whether the injury to respondent resulted from the wilful misconduct of appellant.

The other error complained of, and probably a serious error, need not be considered here as it need not occur at the next trial.

Jennings, Acting P. J., concurred.