[Civ. No. 1052.   Fourth Appellate District.—June 30, 1934.]

GRACE HORNING et al., Respondents, v. MARGARET GERLACH et al., Appellants.

Stearns, Luce & Forward and Fred Kunzel for Appellants.

W. K. Brown, Edgar B. Hervey and J. Franklin Armstrong for Respondents.

MARKS, J.—This is an appeal from a judgment rendered in an action to recover damages resulting from injuries received by Mrs. Grace Horning when she fell from an automobile driven by Mrs. Margaret Gerlach and which belonged to both defendants.

Mrs. Horning had been riding in an automobile, a sedan, as the guest of Mrs. Gerlach, for about an hour before the accident, which happened on November 25, 1931. She was sitting on the right side of the front seat next to the right front door. The automobile was being driven east of Thirtieth Street in National City at a speed of between thirty-five and forty miles an hour. At L Street Mrs. Gerlach made a left turn at about the same speed. The right front door opened and Mrs. Horning fell onto the roadway causing the injuries for which damages were recovered.

The accident happened after the effective date of the amendment to section 141¾ of the California Vehicle Act (Stats. 1931, chap. 812), which eliminated the words "or gross negligence". The trial was had before the decision of any of the cases hereafter cited in which the courts attempted to define "willful misconduct" as used in the section. ■ If the judgment before us is to be supported it must be because of wilful misconduct on the part of Mrs. Gerlach as there is no intimation of her intoxication.

The catch on the right front door of the automobile had been giving trouble for one or two months prior to the accident. Mrs. Gerlach testified that the door had opened once while she was driving and her husband told her it had given trouble several times while he was driving. It does not appear that it had actually opened more than the once. The lock had two positions where it would catch, and during the period above referred to the door had to be vigorously slammed shut in order to engage the second catch. If the first catch only were engaged the door would rattle. On

the one prior occasion on which this door opened Mrs. Gerlach had not noticed any rattle. On the day of the accident, after Mrs. Horning had entered the automobile Mrs. Gerlach slammed the door hard and proceeded on her journey. The door had not rattled nor had it been opened during their ride prior to the accident. There is no suggestion in the record that the place of the accident was in a business or residential district or that the intersection was an obstructed one.

An effort to define wilful misconduct as used in section 141¾ of the California Vehicle Act has been made in the following cases: *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279], *Walker* v. *Bacon,* 132 Cal. App. 625 [23 Pac. (2d) 520], *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622 [25 Pac. (2d) 988], *Olson* v. *Gay,* 135 Cal. App. 726 [27 Pac. (2d) 922], *Forsman* v. *Colton,* 136 Cal. App. 97 [28 Pac. (2d) 429], *Norton* v. *Puter,* 138 Cal. App. 253 [32 Pac. (2d) 172], *Gibson* v. *Easley,* 138 Cal. App. 303 [32 Pac. (2d) 983], and *Mánica* v. *Smith,* 138 Cal. App. 695 [33 Pac. (2d) 418]. Petitions for hearing by the Supreme Court have been denied in at least two of these cases.

In *Turner* v. *Standard Oil Co., supra,* it was said: "Respondent's right to recover is dependent upon proof of 'wilful misconduct' on the part of the appellants within the meaning of section 141¾ of the California Vehicle Act, as amended in 1931. The meaning of wilful misconduct has been considered in a number of cases, the reasoning of which need not be here repeated. (*Krause* v. *Rarity,* 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327]; *Helme* v. *Great Western Milling Co.,* 43 Cal. App. 416 [185 Pac. 510]; *Malone* v. *Clemow,* 111 Cal. App. 13 [295 Pac. 70]; *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279]; *Walker* v. *Bacon,* 132 Cal. App. 625 [23 Pac. (2d) 520].) It seems clear from the history and the wording of this statute that it was the intention of the legislature to confine the right to recover in guest cases to instances where there appears either an intent to injure the guest or a degree of recklessness greater and beyond the gross negligence which was formerly recognized as sufficient. Negligence is carelessness, whether greater or less in degree, and tends to be negative in character while willful misconduct is something

of a more positive nature involving the intentional doing of a wrongful act, with the intent to harm another, with an utter disregard of the consequences, or with knowledge that an injury to a guest will be a probable result. All of these situations include actual or implied knowledge that injury is probable. Willful misconduct, within the meaning of this statute, may then be defined as intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result. . . . The burden of proof is upon a guest to establish willful misconduct within the meaning of the statute.''

The definition of wilful misconduct has been practically uniform in all of the appellate court decisions. In *Norton* v. *Puter, supra,* a slight difference of phraseology appears where the court made the *likelihood of danger* instead of the *probability of injury* the test to be applied. Webster's Unabridged Dictionary gives ''probable'' as a synonym of ''likely''. In that case we do not understand that the court intended to weaken the rule formerly announced by the same court, and firmly adhered to in all the other cases, that there must be a probability of injury resulting to the guest from the acts complained of, to bring them within the definition of wilful misconduct. In *Olson* v. *Gay, supra, Forsman* v. *Colton, supra,* and *Manica* v. *Smith, supra,* the same court which decided *Norton* v. *Puter, supra,* said the probability or likelihood of injury to the passenger was the proper rule.

The acts complained of in the instant case might well constitute negligence. They might possibly be held to amount to gross negligence. We cannot conclude that they constitute wilful misconduct because an act of wilfulness, with the probable result of injury to Mrs. Horning, is entirely lacking and does not appear from the evidence.

Judgment reversed.

Barnard, P. J., concurred.

Jennings, J., being absent, did not participate herein.