[Civ. No. 9287. First Appellate District, Division Two.—September 17, 1934.]

VELMA C. BROWNE et al., Plaintiffs and Appellants, v. MANUEL FERNANDEZ, Respondent; HERBERT MABIE, Defendant and Appellant.

Louis Oneal and Maurice J. Rankin for Plaintiffs and Appellants.

Dunn, White & Aiken and Hamilton Wright for Defendant and Appellant.

Frank V. Campbell and L. H. Schellbach for Respondent.

STURTEVANT, J.—In the complaint filed in the lower court and as amended by interlineation, the plaintiffs, who are husband and wife, charge that on October 29, 1932, plaintiff Velma C. Browne was riding in the automobile of Herbert Mabie as his guest. The said automobile was then being driven and operated by defendant Mabie on Lafayette Street in the city of Santa Clara, county of Santa Clara, at or near the place where said Lafayette Street intersects and runs into Clay Street, also known as the San Francisco Highway. Continuing they alleged:

"III.

"That on said October 29th, 1932, and while plaintiff, Velma C. Browne, was riding in the automobile of said Herbert Mabie, as above alleged, said defendant, Herbert Mabie, drove and operated said automobile in which said

plaintiff was riding in such manner as to be guilty of wilful misconduct, and plaintiff alleges the following in that respect; that said Clay street, which is part of the San Francisco Highway, as above alleged, is a boulevard or arterial street, and was on said October 29, 1932, designated as such boulevard, and on said Lafayette street, immediately south of where same intersects with said Clay street an arterial or boulevard stop sign was erected and maintained by law, and said sign was in such a position as to be apparent to all persons entering said Clay street from said Lafayette street, and said defendant, Herbert Mabie, when he approached said Clay street observed said stop and knew that it was his duty to stop before attempting to enter upon said Clay street and knew that said Clay street was an arterial or boulevard street and knew that danger and peril to plaintiff was to be apprehended by not stopping, notwithstanding which said Herbert Mabie carelessly and negligently and wilfully and with the intention to violate the law requiring him to stop before entering said arterial street failed to bring his said automobile to a stop before attempting to enter said arterial street and drove same at an excessive rate of speed into said arterial street without stopping or pausing at said arterial stop sign.

"IIIa.

"That while plaintiff, Velma C. Browne, was riding in said automobile of Herbert Mabie, as above alleged, and while said automobile was being driven by said Herbert Mabie from said Lafayette street and into said Clay street, as above alleged, defendant Manuel Fernandez carelessly and negligently drove, operated and propelled an automobile in his possession on said Clay street, at or near where same is intersected by said Lafayette street and at the point thereon where said plaintiff, Velma C. Browne, was being driven, as aforesaid, and that said carelessness and negligence of said defendant, Manuel Fernandez, combined and in conjunction with said wilful misconduct of said Herbert Mabie caused the said automobiles driven by said Manuel Fernandez and Herbert Mabie respectively to come into violent collision."

Defendant Mabie filed his general demurrer to the complaint and after the complaint was amended by interlineation, filed a general demurrer to the amended complaint,

which demurrer the trial court overruled. In due time answers were filed in behalf of the defendant Fernandez and defendant Mabie and trial was had before a jury, which returned a verdict in favor of plaintiffs Browne and against defendant Mabie in the sum of $3,000, and found a verdict in favor of the defendant Fernandez.

Plaintiffs Browne appealed from the judgment on the verdict in favor of defendant Fernandez and the defendant Mabie appealed from the judgment upon the verdict rendered in favor of plaintiffs and against Mabie.

█ Defendant Mabie contends that the complaint as amended by interlineation does not state a cause of action and that therefore the court should have sustained the general demurrer thereto. The attack is against the allegations contained in the complaint as hereinbefore set forth. It is argued that the facts alleged, namely, failure to stop and speeding up across the highway, do not constitute, under the law, wilful misconduct so as to entitle plaintiff Velma C. Browne, a guest rider, to recover damages; and that the allegation (which was the matter added by interlineation) "and knew that danger and peril to plaintiff was to be apprehended by not stopping", does not in any way add to the facts.

Since the enactment of the passenger guest rule, as now contained in section 141¾ · of the California Vehicle Act, there have been several well-considered cases interpreting what is meant by wilful misconduct. In *Howard* v. *Howard,* 132 Cal. App. 124, at page 128 [22 Pac. (2d) 279], it is stated: "It seems to us that the intent of the legislature, as expressed in these enactments, requires that wilful misconduct be interpreted as something quite different from negligence, even gross negligence, and that it involves distinct positive elements rather than the merely negative elements of negligence or carelessness." After defining gross negligence as set forth in *Krause* v. *Rarity,* 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327], and what is meant by wilful misconduct as set forth in *Helme* v. *Great Western Milling Co.,* 43 Cal. App. 416 [185 Pac. 510], the opinion continues: " 'The mere failure to perform a statutory duty is not, alone, wilful misconduct. It amounts only to simple negligence. To constitute "wilful misconduct" there must be actual knowledge, or that which in the law is esteemed to be the equiv-

alent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury.'

''While the line between gross negligence and wilful misconduct may not always be easy to draw, a distinction appears from the definition given in that gross negligence is merely such a lack of care as may be presumed to indicate a passive and indifferent attitude toward results, while wilful misconduct involves a more positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences. It seems clear that in excluding all forms of negligence as a basis for recovery in a guest case, the legislature must have intended that to permit a recovery in such a case the thing done by a defendant must amount to misconduct as distinguished from negligence, and that this misconduct must be wilful. While the word 'wilful' implies an intent, the intention referred to relates to the misconduct and not merely to the fact that some act was intentionally done. In ordinary negligence, and presumably more so in gross negligence, the element of intent to do the act is present and any negligence might be termed misconduct. But wilful misconduct as used in this statute means neither the sort of misconduct involved in any negligence nor the mere intent to do the act which constitutes negligence. Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a *probable* (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its *possible* result.'' To the same effect see *Walker* v. *Bacon,* 132 Cal. App. 625 [23 Pac. (2d) 520]; *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622 [25 Pac. (2d) 988]. Not expressing our approval of the pleading as a model, we are unable to say that it wholly fails to state a cause of action against the defendant Mabie.

All the other questions discussed by defendant Mabie involve the same point as raised upon the demurrer to the complaint.

An entirely different question is presented on the appeal of the plaintiffs against the defendant Fernandez. On this phase of the case plaintiffs contend that the verdict in favor of defendant Fernandez is contrary to the evidence in view of the fact that the evidence overwhelmingly pre-

ponderated in plaintiffs' favor that defendant Fernandez was guilty of negligence and that such negligence contributed to the accident which resulted in the injuries to plaintiff. That is not a question of law for the court to determine but was a question of fact for the jury under proper instructions. Assuming that the evidence showed the defendant Fernandez guilty of negligence and that the jury so believed, nevertheless it was for the jury to determine whether that negligence in any degree proximately contributed to the injuries received by the plaintiff Browne.

The plaintiffs complain that the court improperly instructed the jury. That complaint is without merit. Seldom has a record come before us which shows so much care on the part of the trial judge. The instructions were given in the morning so the jury had the entire day to deliberate on its verdict. After examining and approving them, the trial judge gave every requested instruction and gave a few additional ones of its own motion. They cover seventy folios of typewritten manuscript. One was: "I instruct you that in applying these instructions to the evidence they are to be taken as a whole." We have read all of them and find no prejudicial error in any one. It is claimed that there was no evidence of contributory negligence and therefore no instruction on that subject should have been given. Under the facts contained in the record we think it may not be said that there was no evidence on the subject of contributory negligence. (*Bauer* v. *Tougaw,* 128 Wash. 654 [224 Pac. 20, 21].) But all of that evidence was to the effect that the plaintiffs were not guilty of contributory negligence. In his answer defendant Fernandez set forth, in effect, three defenses, (1) that the accident was caused by the negligence of the defendant Mabie, (2) that the defendant Fernandez was not negligent, and (3) that the plaintiffs were guilty of contributory negligence. Later he requested and the trial court gave instructions on the subject of contributory negligence. But there is nothing in the record that tends to show that such verdict was based on the issue of contributory negligence. The defendant Fernandez gave testimony to the effect that he committed no act of negligence and, if the jury believed it, the jury was well within its rights in returning a verdict in his favor. Nothing to the contrary appearing, it can therefore

be assumed that the jury found that Fernandez was not negligent and that 'on that finding it based its verdict. Under. such circumstances the judgment may not be reversed because instructions were given on the defense of contributory negligence. (*Brandes* v. *Rucker-Fuller Desk Co.*, 102 Cal. App. 228 [282 Pac. 1009]; 24 Cal. Jur. 832, 833.)

It is claimed some instructions omitted certain words. All of the instructions could not be embodied in one sentence. All read as a whole correctly stated the several rules which they were intended to cover.

The judgment appealed from is affirmed.

Nourse, P. J., concurred.

SPENCE, J., Concurring,—I concur in the judgment, but it must be conceded that this is one of the difficult, borderline cases arising under our amended guest law which limits recovery to cases of wilful misconduct and intoxication. (California Vehicle Act, sec. 141¾, as amended by Stats. 1931, chap. 812.) The meaning of the term "wilful misconduct" as employed in said section has been frequently discussed in the recent decisions. (*Meek* v. *Fowler*, ▮(Cal. App.) [35 Pac. (2d) 410]; *Horning* v. *Gerlach*, 139 Cal. App. 470 [34 Pac. (2d) 504]; *Manica* v. *Smith*, 138 Cal. App. 695 [33 Pac. (2d) 418]; *Gibson* v. *Easley*, 138 Cal. App. 303 [32 Pac. (2d) 983]; *Norton* v. *Puter*, 138 Cal. App. 253 [32 Pac. (2d) 172]; *Olson* v. *Gay*, 135 Cal. App. 726 [27 Pac. (2d) 922]; *Forsman* v. *Colton*, 136 Cal. App. 97 [28 Pac. (2d) 429]; *Turner* v. *Standard Oil Co.*, 134 Cal. App. 622 [25 Pac. (2d) 988]; *Walker* v. *Bacon*, 132 Cal. App. 625 [23 Pac. (2d) 520]; *Howard* v. *Howard*, 132 Cal. App. 124 [22 Pac. (2d) 279].) It appears, however, that the language in said decisions is not entirely harmonious.

Two main problems were presented to the courts under said section. The first was to arrive at a satisfactory definition of the term "wilful misconduct" as used therein. The second was to apply such definition to the facts and to determine whether the evidence was sufficient to sustain a finding of wilful misconduct as opposed to mere negligence or even gross negligence. Neither problem was free from difficulty.

In my opinion the most satisfactory definition of the term "wilful misconduct" is to be found in *Turner* v. *Standard Oil Co.*, 134 Cal. App. 622 [25 Pac. (2d)· 988]. It is there said at page 626: "Wilful misconduct, within the meaning of this statute, may then be defined as intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result." ·Substantially similar definitions are to be found in the other decisions mentioned, but slight variations in phraseology have led to some confusion. If such confusion continues to exist, it will no doubt result in the nullification of the legislative attempt to confine recovery to cases of wilful misconduct and to deny recovery in cases involving negligence or gross negligence.

It has been frequently said that wilful misconduct is something different from and greater than either negligence or gross negligence and the opinions in the above-mentioned cases discuss the relationship between negligence and wilful misconduct. Broadly speaking, it may be entirely correct to say that all wilful misconduct falls within the definition of negligence, for the doing of an act which constitutes wilful misconduct is likewise the doing of an act which a man of ordinary prudence would not do under the circumstances. It does not follow, however, that all negligence constitutes wilful misconduct. It is not an essential element of negligence that there be any intent to do the act or make the omission. It is sufficient if the act be done either intentionally or thoughtlessly. Neither is it essential that the act be done or the omission be made with knowledge that injury will be the probable result thereof. On the other hand, both the element of intent and the element of knowledge of the probability of resulting injury as set forth in the foregoing definition must be present in order to constitute wilful misconduct. In my opinion the definition of wilful misconduct as found in *Turner* v. *Standard Oil Co.*, *supra*, and above set forth, is as clear, concise and accurate as it is possible to make it. In the light of the legislative history, said definition seems to carry out the purpose which the legislature had in mind. I believe that said definition should be accepted and should, without confusing

amplification, be strictly adhered to in order that the law on this subject may be treated as definitely settled.

In order to test the sufficiency of the evidence in any given case involving a charge of wilful misconduct it must be borne in mind that it is seldom possible to obtain direct evidence of the necessary intent and knowledge except through the testimony of the defendant himself. If the facts warrant it, however, such intent and knowledge may be inferred from the surrounding circumstances. (*Olson* v. *Gay, supra; Walker* v. *Bacon, supra; Norton* v. *Puter, supra.*) It is impossible to lay down any general rules in this regard but each case must stand upon its own facts. In certain aggravated cases, the necessary intent and knowledge may be readily inferred from the surrounding circumstances while in others the question of the sufficiency of the evidence to support such inference presents a more serious problem. It may be noted that such intent and knowledge may not be inferred from the facts in every case showing an act or omission constituting negligence for, if this were true, any set of facts sufficient to sustain a finding of negligence would likewise be sufficient to sustain a finding of wilful misconduct.

Coming to a consideration of the present case, appellant Mabie's attack is based upon the alleged insufficiency of the complaint and the alleged insufficiency of the evidence. Said appellant does not challenge the instructions defining wilful misconduct as the only instructions given on this subject were those proposed by said appellant and all of his proposed instructions were given by the court. It is therefore unnecessary to discuss said instructions, but it may be stated that while said instructions defining wilful misconduct were not confined to the definition above set forth, they were substantially correct.

Disregarding conflicts, there was evidence in this case to show that despite the admonition of his guests, appellant Mabie disregarded the stop sign, proceeded into the intersection at a speed of approximately twenty-five miles per hour and then speeded up his car in an effort to beat the two oncoming cars which were traveling along the highway. Conceding the case to be a close one, I believe that the jury could properly infer from the evidence presented that there was the requisite intent and that there was the

requisite knowledge of probability of injury to his guests to constitute wilful misconduct. It therefore follows that there is no merit in appellant's contention concerning the insufficiency of the evidence.

The complaint herein is not to be commended, but it should be stated that it was drawn and thereafter approved by the trial court as amended before the opinions had been handed down in the recent cases defining wilful misconduct. An obvious attempt was made in said complaint to plead wilful misconduct and appellant Mabie was not misled. If it be assumed for the purpose of argument that it was insufficient in its allegations of wilful misconduct, nevertheless a reversal should not be ordered under the circumstances as the evidence was sufficient to show wilful misconduct and the jury impliedly found under proper instructions that said appellant was chargeable therewith. (Const., art. VI, sec. 4½; *Baker* v. *Miller*, 190 Cal. 263 [212 Pac. 11]; *Bonney* v. *Petty*, 125 Cal. App. 527 [13 Pac. (2d) 969]; *Nichols* v. *Smith*, 136 Cal. App. 272 [28 Pac. (2d) 693].)

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 15, 1934.

Preston, J., Langdon, J., and Thompson, J., voted for a hearing.