[Civ. No. 1511.  Fourth Appellate District.—December 6, 1934.]

EDWARD MOYER, Appellant, v. FLORENCE DRESCH et al., Respondents.

David W. Johnson and Elmer E. Guy for Appellant.

Forgy, Reinhaus & Forgy and Walter F. Keen for Respondents.

MARKS, J.—This is an appeal from an order granting a new trial where the case was tried before a jury as a matter of right.  The order specified that the motion was "granted upon the ground of the insufficiency of the evidence to support the verdict".

Defendants are husband and wife.  Plaintiff is the brother of Florence Dresch and brother-in-law of Theodore Dresch.  On June 19, 1932, the three were traveling from Los

Angeles to Lake Elsinore in an automobile owned by defendants and driven by Mrs. Dresch. Mr. Dresch sat on the front seat of the car at the driver's right and plaintiff occupied the rear seat alone.

Mrs. Dresch had driven a car but two or three times before. Her route took her through the Santa Ana Canyon where the roadway has deviations both as to direction and elevation. In rounding curves Mrs. Dresch frequently permitted the car to swing to the center, or beyond the center, of the road and did not hold it on a true course. On one occasion before the accident when the automobile swung to or over the center of the highway, Mr. Dresch took hold of the steering wheel and brought it back to its own side of the road. At the time of the accident Mr. Dresch put his hands on the steering wheel and the car turned over, causing the injuries to plaintiff which form the subject-matter of this action. Plaintiff testified that before the accident he had protested at the manner in which his sister was driving and asked her to stop so that he could get out. He knew before starting the journey that she was an inexperienced driver.

It is admitted that plaintiff was a passenger and could only recover upon proof of wilful misconduct on the part of one or both of the defendants. (California Vehicle Act, sec. 141¾; Stats. 1931, chap. 812, p. 1693.) Wilful misconduct as used in the California Vehicle Act has been so frequently defined that no good purpose could be served by repeating the definition here. (See *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279] ; *Walker* v. *Bacon,* 132 Cal. App. 625 [23 Pac. (2d) 520] ; *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622 [25 Pac. (2d) 988] ; *Olson* v. *Gay,* 135 Cal. App. 726 [27 Pac. (2d) 922] ; *Forsman* v. *Colton,* 136 Cal. App. 97 [28 Pac. (2d) 429] ; *Gibson* v. *Easley,* 138 Cal. App. 303 [32 Pac. (2d) 983] ; *Manica* v. *Smith,* 138 Cal. App. 695 [33 Pac. (2d) 418] ; *Horning* v. *Gerlach,* 139 Cal. App. 470 [34 Pac. (2d) 504] ; *Browne* v. *Fernandez,* 140 Cal. App. 689 [36 Pac. (2d) 122].)

Theodore Dresch testified that on the second occasion when he put his hands on the steering wheel the car had gone over to the side of the road and seemed to have struck a soft spot; that he took hold of the wheel to prevent the accident. Mrs. Dresch testified that the car turned over on

its side at about the moment her husband touched the wheel.

The rules governing a trial judge in passing on a motion for new trial upon the ground of insufficiency of the evidence are set forth in 20 California Jurisprudence, page 111, as follows: "A motion for new trial on the ground of the insufficiency of the evidence to justify the verdict or other decision is addressed to the sound legal discretion of the trial court, which has power to set aside a verdict or decision and to grant a new trial, in whole or in part, in every case where, in its judgment, the evidence is insufficient. Accordingly, it is settled that an order granting or refusing a new trial on the ground of insufficiency of the evidence or where this is one of the grounds set up is conclusive upon the appellate court and may not be disturbed on appeal, unless it appears that there was a manifest abuse of such discretion. Indeed, the action of the trial court in granting a new trial upon the ground of insufficiency of evidence is so far a matter within its discretion that if there is any appreciable conflict in the evidence its ruling is not open to review. Thus it seems that where there is some evidence in favor of the applicant, and especially where he also presents affidavits of newly discovered evidence, the court may grant a new trial, although the only conflict in the evidence consists of doubtful inferences of ultimate facts to be deduced from uncontradicted probative facts, since it is exclusively within the province of the trial court to make all inferences and deductions of fact, where the facts necessary to support the judgment do not naturally follow as a necessary sequence from the probative facts."

In *Cookson* v. *Fitch,* 116 Cal. App. 544 [3 Pac. (2d) 27, 29], it is said: "A motion for new trial upon the grounds of insufficiency of the evidence to sustain the verdict and judgment is addressed to the sound discretion of the trial court. Its order will not be disturbed on appeal except in a clear case of the abuse of such discretion. As was said in the case of *Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660, 663]: 'In a jury trial a party is entitled to two decisions on the evidence—one by the jury and one by the trial court, and the trial court is not bound by a conflict in the evidence. (*Dickey* v. *Davis,* 39 Cal. 565; *Curtiss* v. *Starr,* 85 Cal. 376 [24 Pac. 806]; *Bates* v. *Howard,* 105

Cal 173 [38 Pac. 715]; *Condee* v. *Gyger,* 126 Cal. 546 [59 Pac. 26]; *Green* v. *Soule,* 145 Cal. 96 [78 Pac. 337].)'"

Our examination of the record has brought us to the conclusion that there was no abuse of judicial discretion in the granting of the order for new trial in the instant case.

The order appealed from is affirmed.

Barnard, P. J., and Jennings, J., concurred.