[Civ. No. 9887. First Appellate District, Division One.—April 30, 1936.]

MAX HORN, Appellant, v. MICHAEL VOLKO, Respondent.

J. E. McCurdy and F. E. Hoffmann for Appellant.

Ross & Ross for Respondent.

TYLER, P. J.—Appeal from an order granting a nonsuit in an action for damages, alleged to have been suffered in an automobile collision, by a guest against his host, based upon a claim of wilful misconduct. Plaintiff was injured in a rear-end collision between two Ford trucks, one being driven by respondent Volko, the other by defendant Filippi. During the trial a motion for nonsuit on behalf of Volko was granted. He was the driver of the automobile in which plaintiff was riding as a guest. Following the order granting the nonsuit, the case proceeded against defendant Filippi alone and went to the jury on the issue of his negligence. The jury returned a verdict in favor of Filippi and against the plaintiff. As above stated, this appeal is from the order granting a nonsuit on behalf of Volko. Defendant Filippi is not a party to the appeal. There is little or no conflict concerning the facts. The three parties to the action were the only witnesses. The accident happened on the Bayshore highway, a little south of Redwood City. At this point the highway has four lanes, two for south-bound traffic, the other two for north-bound traffic. The Ford truck driven by defendant Filippi was proceeding southerly and wholly within the outer or slow lane of traffic at a speed estimated at from eighteen to twenty miles per hour. Plaintiff and appellant, as a passenger guest of defendant and respondent Volko, was riding in a Ford pickup truck operated by Volko, which was likewise proceeding in a southerly direction at a speed of from thirty to thirty-eight miles an hour in the outer or slow lane and to the rear of the truck operated by Filippi. The truck being driven by Filippi made a sudden stop, and respondent Volko drove into it. Plaintiff testified that Volko neither applied his brakes prior to the accident nor did he swerve to the right or left or in any manner change

the direction in which he was traveling. Both plaintiff and Volko were injured by the impact. Volko testified that he had his eyes on the truck in front of him at all times and did not see anything that would cause the truck to make the sudden stop it did; that no signal was given; that it was too late for him to make a turn; that he applied his brakes which were in good condition, but to no avail, and his truck struck the one in front of him with sufficient force to demolish the front and left-hand side of his machine. After the impact Volko remembered nothing, and was taken to a hospital in Redwood City.

■ The sole question here presented is whether or not the acts of respondent Volko amounted to wilful misconduct within the meaning of section 141¾ of the California Vehicle Act so as to entitle plaintiff to recover. We do not think that they did. It may be that respondent was negligent in driving so close to the truck ahead of him, or in failing to slow up in time, but such actions on his part, even if they be conceded to be negligence, under no circumstances can be said to constitute wilful misconduct. ■ The question as to what constitutes wilful misconduct with reference to facts arising under the provisions of section 141¾ of the California Vehicle Act has been frequently before the supreme and appellate courts of this state since the adoption of the section. Thus it has been held that wilful misconduct within the meaning of the statute is intentionally doing something in the operation of a motor vehicle which should not be done, or intentionally failing to do something which should be done, under circumstances disclosing knowledge, express, or to be implied, that an injury to a guest will be a probable result. (*Turner* v. *Standard Oil Co.*, 134 Cal. App. 622 [25 Pac. (2d) 988].) It implies at least the intentional doing of something, either with the knowledge that serious injury is a probable (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its possible result. (*Howard* v. *Howard*, 132 Cal. App. 124 [22 Pac. (2d) 279].) As has been frequently declared, "wilful misconduct" means something more than negligence—more even than gross negligence. (*Meek* v. *Fowler*, 3 Cal. (2d) 420 [45 Pac. (2d) 194]; *Horning* v. *Gerlach*, 139 Cal. App. 470 ]34 Pac. (2d) 504]; *Lennon* v. *Woodbury*, 3 Cal. App. (2d) 595 [40 Pac.

(2d) 292].) Giving to plaintiff's evidence all the value to which it is entitled, it is not sufficient to support a verdict or judgment if one were given. Plaintiff, too, was looking at the truck ahead of him just before the collision, but he said nothing to respondent, who was driving, of any apparent danger. At most respondent might have been negligent in driving too close to the truck ahead of him, but the evidence certainly shows that he was not guilty of wilful misconduct. This being so, the motion for a nonsuit was properly granted.

The order is affirmed.

Knight, J., and Cashin, J., concurred.