[Civ. No. 9853. First Appellate District, Division One.—August 3, 1936.]

E. B. RHOADS, Appellant, v. I. A. STUDLEY, Respondent.

Booth B. Goodman, H. H. Kilpatrick, F. E. Kilpatrick and John W. Wentz for Appellant.

James F. Hoey, F. G. Hamilton and Warren Cunningham for Respondent.

WARD, J., *pro tem.*—This is an action for damages for personal injuries alleged to have been received by plaintiff while riding in an automobile as the guest of defendant. The accident occurred on a highway, running for some distance parallel with a railroad track, the contour of which was familiar to defendant. As the car approached a curve leading to a bridge which was used as an overhead crossing to the opposite side of the track, the steering apparatus of the automobile became unmanageable, causing the machine to leave the highway, run through a fence and land near the

bottom of a thirty-foot embankment. Several days prior to the accident some difficulty had been experienced by the defendant in the operation of the steering gear. Plaintiff testified that prior to the accident defendant was driving at a rate of speed of sixty-eight miles an hour and that he called defendant's attention to the fact and requested him to slow down. Defendant testified: "I didn't want him to tell me how to drive my car." A jury returned a verdict for the defendant, and from the judgment entered thereon plaintiff appeals.

The mere failure of the defendant to repair the steering gear before operating the vehicle would probably be negligence but not wilful misconduct. (*Horning* v. *Gerlach,* 139 Cal. App. 470–473 [34 Pac. (2d) 504].) Excessive speed in the operation of a vehicle, unless coupled with other evidence from which an inference might be drawn that the driver believed or expected injury would be probable, does not constitute wilful misconduct. (*Howard* v. *Howard,* 132 Cal. App. 124–129 [22 Pac. (2d) 279]; *Lennon* v. *Woodbury,* 3 Cal. App. (2d) 595–600 [40 Pac. (2d) 292].) The statement that defendant did not want anyone to tell him how to drive his car was evidence from which a jury might be justified in concluding that defendant intended to do something which a driver should not do, or to fail to do something which he should have done, but does not show wilful misconduct as a matter of law. (*Meek* v. *Fowler,* 3 Cal. (2d) 420 [45 Pac. (2d) 194]; *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622, 626 [25 Pac. (2d) 988].) The decision on the course of conduct of a driver of a vehicle after admonition from a guest, and the inference that may be drawn from such evidence of a wanton and reckless disregard of probable injury to the guest, are questions of fact. (*Gieselman* v. *Uhlman,* 7 Cal. App. (2d) 409–411 [45 Pac. (2d) 819].) In the instant case, on the subject of speed there was a conflict of evidence. The jury may have adopted the defendant's version of the facts and concluded that the evidence only proved negligence and not wilful misconduct. There is a substantial conflict in the evidence and the judgment may not therefore be disturbed on appeal. (*Krause* v. *Rarity,* 210 Cal. 644, 648 [293 Pac. 62, 77 A. L. R. 1327].)

Appellant contends that there was error in the court's ruling upon the exclusion of evidence relative to the mental attitude and knowledge of the defendant of the probability of injury to plaintiff. The question sought the defendant's opinion in retrospect as he viewed the facts at the time of the trial. Wilfulness is a condition of mind. It is proper to interrogate one charged with wilful misconduct relative to his mental attitude and knowledge of the probable consequences of his act, but this inquiry must relate to the condition of mind prior to or simultaneously with the accident and not subsequent thereto. Other questions along the same line, in proper form, were withdrawn. It is only the rejected question that may be considered on appeal.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.