[Smith v. Central of Georgia Railway Co.]

# Smith *v.* Central of Georgia Railway Co.

## *Injury to Person on Track.*

(Decided Jan. 20, 1910.   51 South. 792.)

1. *Railroads; Persons on Track; Obstruction.*—Section 5473, Code 1907, uses the words, "obstruction on the track," and this may not be construed in the sense of object on the track, so as to require the stoppage of the train, when the engineer sees an object such as a chicken, turkey or buzzard on the track ahead of his train.

2. *Same; Statutes.*—The evidence stated and examined and held insufficient to make out a case of wanton, or wilful injury on the part of the engineer in failure to stop his train, when he first perceived an object on the track.

3. *Negligence; Wilful or Wanton; Statutory Duty.*—The mere violation of a statutory duty amounts to simple negligence only, and will not constitute wilful or wanton misconduct unless there be actual knowledge, or its legal equivalent, of the peril of the person injured, coupled with a conscious failure to act to the end of averting the injury.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by J. E. B. Smith, administrator, against the Central of Georgia Railway Company, for damages for causing the death of his intestate. Judgment for defendant and plaintiff appeals. Affirmed.

R. D. CRAWFORD, for appellant.—Applying the facts of this case to Section 5473, of the Code of 1907, it satisfactorily appears that if the engineer had conformed to the requirements of the statute, the injury could not reasonably have been inflicted.—*M. & M. R. R. Co. v. Blakely,* 59 Ala. 480; *C. of Ga. v. Wood,* 129 Ala. 487; *L. & N. v. Marquis,* 103 Ala. 171; *Cook v. Central of Ga.,* 67 Ala. 541; *L. & N. v. Anchors,* 114 Ala. 499; *E. T. V. & G. R. R. Co. v. St. John,* 5 Snead. 524; *W. of Ala. v. Mitchell,* 148 Ala. 44.

STEINER, CRUM & WEIL, for appellee.—The conclusion of the pleader that the injury was due to wanton or wilful misconduct on the part of the engineer, is not supported by the fact.—*L. & N. v. Mitchell,* 134 Ala. 266. The sustaining of the demurrer to the 1st count was harmless, as the plaintiff had the benefit of all the evidence that could have been introduced thereunder, under his other counts.—*Henderson L. Co. v. Henson,* 47 South. 717. As to the action of the trial court in giving the affirmative charge and its correctness, counsel cite the cases noted in appellant's brief and *Mitchell's Case, supra; L. & N. v. Williams,* 12 South. 957; *L. & N. v. Hathaway,* 2 L. R. A. (N. S.) 498.

DOWDELL, C. J.—This is an action to recover damages for the death of plaintiff's intestate, resulting from injuries inflicted by the defendant. The case was tried on counts of the complaint, as admitted in argument by counsel on both sides, charging wanton or willful misconduct by the servants or employes of the defendant company.

There are two assignments of error; the first relating to the ruling of the trial court on the defendant's demurrer to the first count of the complaint as amended. This assignement not being insisted on in argument by counsel, the question raised by it will, under the rule, be deemed waived, and therefore will not be considered. The second assignment challenges the court's action in giving the general affirmative charge, as requested in writing by the defendant.

The plaintiff testified, as a witness in his own behalf, as to the fact of the death of his intestate, and then introduced the depositions of the baggage master and the engineer of the train of cars that ran over the deceased, taken on interrogatories filed to the defendant by

the plaintiff under the statute. The testimony of the baggage master is unimportant to be considered. The testimony of the engineer is undisputed and without conflict. The plaintiff's intestate had lain down on the defendant's track, with his head, shoulders, and arms between the rails, and his body outside, between the cross-ties. He was confessedly a trespasser, and was at a place where no duty to look out for trespassers was required of the defendant. The engineer testified that his train, consisting of 11 cars, was running at a speed of 20 miles an hour when he first saw ahead of him at some distance (distance not stated) an object on the track that he thought to be a buzzard; that his attention was then drawn to some other duty, and that when he looked ahead again he for the first time became aware that the object was a person lying on the track; that he immediately sounded the whistle, reversed his engine, and applied the emergency brakes, and did all that he could to stop the train. On this undisputed evidence we are unable to see how it can be said that the engineer was guilty of willful or wanton misconduct.

It is insisted, however, by counsel for appellant, that the last clause of section 5473 of the Civil Code of 1907 imposed a duty that the engineer violated when he first saw the object on the track. This part of said section reads as follows: "He must also, on perceiving any obstruction on the track, use all means within his power, known to skillful engineers, such as applying brakes and reversing engine, in order to stop the train." On this it is contended that the injury might have been averted if the engineer had obeyed the statute when he first saw the object on the track. The statute does not say, on perceiving an "object" on the track, but "an obstruction on the track." It is not to be supposed that it was intended by the statute that the train should be

stopped on the engineer's perceiving any object on the track, as, for instance, a chicken, or turkey, or a buzzard.

If, however, it should be conceded that the .statute was applicable, the mere violation of a statutory duty amounts only to simple negligence. To constitute willful or wanton misconduct there must be actual knowledge, or that which is esteemed in law as the equivalent of actual knowledge, of the peril of the person injured, coupled with the conscious failure to act, to the end of averting the injury. See *Markee's Case,* 103 Ala. 171, 15 South. 511, 49 Am. St. Rep. 21; *Mitchell's Case,* 134 Ala. 267, 32 South. 735. Other cases of ours might be cited in support of what we have said, but we deem it unnecessary. The case of *Louisville & Nashville Railroad Co. v. Williams,* 69 Miss. 631, 12 South. 957, is much in point.

We are of the opinion that on the undisputed evidence, under the issues, the general charge was properly given in favor of the defendant, and the judgment will be affirmed.

Affirmed.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.