[Civ. No. 8862. Second Appellate District, Division One.—March 7, 1935.]

EUNICE CEIKIN et al., Respondents, v. JOE GOLDMAN et al., Appellants.

Hindman & Davis for Appellants.

David Ziskind for Respondents.

ROTH, J., *pro tem.*—This is an appeal by defendants from a judgment rendered in favor of two minor plaintiffs, who were riding as guests in an automobile of defendants, and from an order denying motion for a new trial. ▉ The only question presented is whether or not the evidence is sufficient to sustain the findings of the court which substantially and impliedly recite that the defendants were guilty of misconduct within the meaning of section 141¾ of the California Vehicle Act, as amended in 1931.

The evidence discloses that in loading a two-door Chevrolet coach, with five-passenger capacity, Mrs. Goldman, her

year and a half old baby, her husband's twelve year old nephew and Eunice Ceikin, one of the injured minors, arranged themselves in the back seat. Joe Goldman sat in the driver's seat. Mrs. Ceikin, the mother of the injured minors, requested her daughter Ducia, the other injured minor, also to get into the back seat, but Ducia had already taken her place beside Mr. Goldman and Mrs. Goldman insisted that Ducia sit in the front seat so that the baby could lie down and go to sleep. Mrs. Ceikin then got into the right front seat, which would place her immediately contiguous and to the right of the child Ducia. Joe Goldman testified that the child Ducia "started to sit on half of my seat . . . and I was afraid it would interfere with the shifting of my gears, so I told her to sit on her mother's lap". He did not remember whether Mrs. Ceikin said anything to this suggestion, but Mrs. Ceikin testified that she told him "it would block his view, if I held her in that position . . . and he said that is perfectly all right, let her sit there'." Goldman testified directly that sitting on her mother's lap the child Ducia did obstruct his vision to the right and he did notice it at the time the party started. As they proceeded a few blocks and approached the intersection of Seventh Avenue and Montclair Street in the city of Los Angeles, Goldman testified he was proceeding at about 25 miles per hour. Mrs. Ceikin said 30. He proceeded across the intersection at that speed and did not see the car coming from the right. When approximately in the center of the intersection, the Chevrolet car was struck on its right side midway between the cowl and the right door by a car coming from the east. The record reveals, further, that the speed at the intersection in question was limited by law to 15 miles per hour, and that Mrs. Ceikin told Mr. Goldman before he entered the intersection, that he was going too fast, although Goldman testified he did not remember such admonition.

Considering the comparatively brief lapse of time since the 1931 amendment to section 141¾ of the California Vehicle Act, the appellate courts of this state have been called upon numerous times to define wilful misconduct as contained in that section, as is evidenced by the following cases: *Gibson* v. *Easley*, 138 Cal. App. 303 [32 Pac. (2d) 983]; *Browne* v. *Fernandez*, 140 Cal. App. 689 [36 Pac. (2d)

122]; *Squiar* v. *McLean*, 3 Cal. App. (2d) 429 [39 Pac. (2d) 437]; *Crawford* v. *Herzog*, 3 Cal. App. (2d) 705 [40 Pac. (2d) 954]; *Olson* v. *Gay*, 135 Cal. App. 726 [27 Pac. (2d) 922]; *Forsman* v. *Colton*, 136 Cal. App. 97 [28 Pac. (2d) 429]; *Norton* v. *Puter*, 138 Cal. App. 253 [32 Pac. (2d) 172]; *Manica* v. *Smith*, (rehearing) 138 Cal. App. 695 [33 Pac. (2d) 418]; *Sanford* v. *Grady*, 1 Cal. App. (2d) 365 [36 Pac. (2d) 652]; *Turner* v. *Standard Oil Co.*, 134 Cal. App. 622 [25 Pac. (2d) 988]; *Howard* v. *Howard*, 132 Cal. App. 124 [22 Pac. (2d) 279]; *Walker* v. *Bacon*, 132 Cal. App. 625 [23 Pac. (2d) 520]; *Horning* v. *Gerlack*, 139 Cal. App. 470 [34 Pac. (2d) 504]; *Meek* v. *Fowler*, 78 Cal. App. Dec. 624 [35 Pac. (2d) 410]; *Lennon* v. *Woodbury*, 3 Cal. App. (2d) 595 [40 Pac. (2d) 292].

We believe the rule as to what constitutes wilful misconduct is correctly laid down in the case of *Howard* v. *Howard*, 132 Cal. App. 124, 129 [22 Pac. (2d) 279], in which case a hearing was denied by the Supreme Court, where the court says:

"Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a *probable* (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its *possible* result."

The same rule is reiterated in the case of *Turner* v. *Standard Oil Co.*, 134 Cal. App. 622 [25 Pac. (2d) 988], where the court says at page 626 [134 Cal. App.]:

"Wilful misconduct, within the meaning of this statute, may then be defined as intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or implied, that an injury to a guest will be a probable result."

We recognize that general language is often susceptible to different constructions, especially when subjected to the interested and rigorous scrutiny of opposing litigants. We have therefore perused the foregoing cases and analyzed the facts therein in order to determine what application the rule announced has received. These cases show without doubt that courts are endeavoring to distinguish and are distinguishing between wilful misconduct and negligence, however gross, and hold without exception that there must be

something more than negligence or gross negligence in order to constitute wilful misconduct. We are satisfied without such analysis that the facts in the instant case indicate nothing directly and nothing from which it can be implied that the defendants in this case intentionally had failed to do anything "under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result". (*Turner* v. *Standard Oil Co., supra.*) A study of the cases mentioned confirms us in this opinion.

The findings of the trial court that the defendants were guilty of wilful misconduct in loading the car and were guilty of wilful misconduct in driving the same at a dangerous and unlawful rate of speed are not supported by the evidence.

The judgment is reversed. The appeal from the order denying motion for new trial is dismissed, as there is no appeal from such an order.

Conrey, P. J., and York, J., concurred.