[Civ. No. 9848. Second Appellate District, Division Two.—June 1, 1935.]

LOISE EDWARDS, Respondent, v. LEE BODENHAMER, Appellant.

Paul Nourse and Forrest A. Betts for Appellant.

Sparling & Teel for Respondent.

CRAIL, J.—This is an appeal from a judgment against the defendant for damages arising out of an automobile collision in which the defendant was the driver and the plaintiff was a passenger, and in which the jury impliedly found the defendant guilty of wilful misconduct.

It is the first contention of the defendant that the evidence was insufficient to sustain the implied finding of wilful misconduct as such term is used in section 141¾ of the California Vehicle Act. In the recent case of *Meek* v. *Fowler*, 3 Cal. (2d) 420 [45 Pac. (2d) 194], the Supreme Court said that said phrase has been variously defined in the many cases and that the court would not attempt to reconcile the several definitions and applications given to it, and then adopted as a satisfactory definition the language taken from *Turner* v. *Standard Oil Co.*, 134 Cal. App. 622 [25 Pac. (2d) 988], as follows: " 'Wilful misconduct', within the meaning of this statute, may then be defined as intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result." And also the following quotation from the case of *Howard* v.

*Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279]: "To constitute 'wilful misconduct' there must be actual knowledge, or that which in the law is esteemed to be the equivalent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury. . . . Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a probable (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its possible result." We have carefully examined the record in the light of this definition of wilful misconduct, and viewing the evidence in the light most favorable to the party which prevailed at the trial, which it is our duty to do, we are satisfied that there is sufficient evidence to show wilful misconduct, and that the verdict of the jury and the judgment of the court to that effect should not be disturbed.

The defendant next contends that the court was guilty of misconduct in the trial of the case. The defendant sets forth the circumstances upon which he relies at great length. It is difficult for us to find anything in the record which would be conceived to be misconduct upon the part of the court. Certainly no prejudicial error was committed.

During the trial, the transcript of the testimony of one of the witnesses at a former trial was offered in evidence by the defendant for the purpose of impeaching the witness, and an objection was made by the plaintiff to its admission. It is the defendant's contention that the court committed error in making the statement, while ruling upon the objection, that the matter contained in the transcript was not impeachment. The objection to the admission of the proposed evidence was properly sustained for the reason that the transcript did not in any way tend to impeach the witness, and no prejudice resulted to the defendant from the court's comment, which, in effect, was a statement of the court's reason for sustaining the objection. Furthermore, the matter was not called to the attention of the court at the time in order to give the court an opportunity to prevent by a proper instruction any prejudicial effect upon the jury. Under the circumstances the claim of misconduct will not be considered on appeal unless the conduct complained of was such that a harmful result could not be obviated by an instruction.

(*Ward* v. *de Martini*, 108 Cal. App. 745 [292 Pac. 192], and cases cited.)

■ The defendant next complains of an instruction with regard to the duty of a passenger in an automobile generally to sit still and say nothing. This instruction as given followed *in haec verba* the statement of the law as set forth in the case of *Dowd* v. *Atlas etc. Co.*, 187 Cal. 523, at p. 528 [202 Pac. 870]. The same words have been quoted in the text of 1928 Supplement to California Jurisprudence, subject Automobiles, page 309; also 3 California Jurisprudence, 853. There is no merit in this contention.

■ It is next contended that the court erred in permitting the attorney for the plaintiff to read a section of the city ordinance setting forth the penalty for a violation thereof. The entire ordinance was admitted in evidence by stipulation of the parties, and there was no error in the court's ruling.

■ It is finally contended that the court erred in refusing to give certain instructions requested by the defendant. We have examined the instructions and conclude that the contention is without merit. Where the requested instructions were not erroneous, they were fully covered by other instructions.

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1935.

Seawell, J., voted for a hearing.