[Civ. No. 10235. Second Appellate District, Division Two.—June 25, 1935.]

FRED K. NEWMAN, Respondent, v. MARGARET SOLT et al., Appellants.

Lasher B. Gallagher for Appellants.

Euler & Subith for Respondent.

FRICKE, J., *pro tem.*—Respondent was injured while riding as a guest of appellant Earl M. Ross in an automobile belonging to appellant Margaret Solt. The complaint alleged that the injuries sustained were caused by the negligence and careless operation of the automobile and the wilful misconduct of appellant Ross. The trial court directed a verdict in favor of Margaret Solt and the jury returned a verdict in favor of both appellants. Thereafter the court granted a motion for new trial as to both appellants, from which order this appeal is taken.

According to the testimony of respondent, on the night of February 24, 1934, he and appellant Ross left a dance and, in the automobile of Miss Solt driven by Ross, went to Montrose where each purchased a pint of whiskey to take back to the dance. As they entered the car Ross said he would like to see how fast the car would go, to which Newman replied merely that there was no hurry. After driving three-quarters of a mile respondent observed that they were traveling at the rate of sixty-three miles an hour, and thereupon requested Ross to slow down, whereupon the latter reduced the speed of the car to fifty-eight miles an hour. Nothing further was said by Newman concerning the operation of the automobile until, according to his testimony, the car was thirty-five feet from a corner to the beginning of a gradual curve in the road, when he yelled to Ross to look out. The witness Newman is erroneously quoted in respondent's brief as giving the distance from the corner as 350 feet and the witness in making a diagram placed the car as being at a point

about 120 feet from the corner. Instead of making the turn Ross drove more nearly in a straight line, leaving the macadam portion of the road and passing on the unpaved portion of the highway at a point approximately sixty feet beyond the corner. The machine traveled about 125 feet on this unpaved portion of the highway, struck a post, ran about eighty-five feet further, struck several trees and overturned. It appears that the skidding of the wheels in the sand forming the unpaved portion of the road prevented the driver from turning the car back to the macadamized central part of the highway. When Newman observed that Ross was driving nearly straight ahead instead of following the curve in the road he grabbed the steering wheel and tried to turn it, but for some reason not disclosed was unable to do so.

In view of the opinion hereinafter expressed it is immaterial whether at the time of the accident Ross was driving with the consent of the owner.

Appellants contend that the evidence is insufficient to establish a case of wilful misconduct under section 141¾ of the California Vehicle Act, without which respondent, who was riding as a guest, cannot recover. Since the taking of this appeal the Supreme Court, in *Meek* v. *Fowler*, 3 Cal. (2d) 420 [45 Pac. (2d) 194], has approved the definition in *Turner* v. *Standard Oil Co.*, 134 Cal. App. 622, 626 [25 Pac. (2d) 988], wherein it is said: " 'Wilful misconduct', within the meaning of this statute, may then be defined as intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result." The Supreme Court also quotes with approval from *Howard* v. *Howard*, 132 Cal. App. 124, 128 [22 Pac. (2d) 279], as follows: "To constitute 'wilful misconduct' there must be actual knowledge, or that which in law is esteemed to be the equivalent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury. While the line between gross negligence and wilful misconduct may not always be easy to draw, a distinction appears from the definition given in that gross negligence is merely such a lack of care as may be presumed to indicate a passive and

indifferent attitude toward results, while wilful misconduct involves a more positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences.'' The facts in the Howard case are in many respects similar to the case at bar. There also the driving at a rate of speed excessive under the existing physical conditions, which included a wet road, caused the driver to lose control over the movement of the car and it got off the highway and overturned.

The facts in the case before us fall distinctly short of showing the doing of an act with a wanton and reckless disregard of possible consequences, and display neither the intention of doing an act which would cause physical injury or an attitude of mind of indifference to the probable results. It is significant, in considering the apparent danger, that respondent though requesting, when the car was proceeding at a speed of sixty-three miles an hour, that the driver slow down, made no request or comment when the speed had been reduced to fifty-eight miles an hour until the car approached the curve, at which time he yelled to the driver to ''look out'', an exclamation indicating the need for circumspection because of the curve in the road ahead rather than any disapproval of the speed or manner of driving. The evidence fails to establish wilful misconduct, the necessary basis for a recovery of damages by respondent, the guest of the driver.

The other basic point on this appeal presents the question: Is the owner of an automobile responsible for damages suffered by a person riding in an automobile as a guest of a driver operating the vehicle negligently but without wilful misconduct? Section 141¾ of the California Vehicle Act provides that a person riding as a guest in any vehicle moving upon a public highway shall have no right of recovery for injuries against the owner or driver or person responsible for the operation of such vehicle. To this rule the section makes the exception that it shall not be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for death or injury of such guest proximately resulting from the intoxication or wilful misconduct of such owner, driver or person responsible for the operation of the vehicle. The plain effect of the section is that while a guest may, in spite of the first portion of the

section, maintain a right of action for personal injuries, such action cannot be maintained unless the additional prescribed element, either intoxication or wilful misconduct, is present. Section 1714¼ of the Civil Code, relied upon by respondent, declares the owner of an automobile liable for damages resulting from the negligent operation of a motor vehicle by a person operating the same with the permission of such owner. That section, general in its nature, is, however, limited by the provisions of section 141¾ of the California Vehicle Act, and the latter section controls and governs in those cases in which the injured party was a guest, i. e., riding in the vehicle without giving compensation therefor.

The order granting a new trial is reversed and the cause remanded with directions to enter judgment in accordance with the verdicts.

Crail, J., and Stephens, P. J., concurred.