[Civ. No. 10400. Second Appellate District, Division Two.—September 27, 1935.]

MORRIS VOLAT, Appellant, v. G. H. TUCKER et al., Defendants; LAWRENCE ISRAEL, Respondent.

Charles C. Montgomery and Ben C. Cohen for Appellant.

Lasher B. Gallagher for Respondent.

CRAIL, P. J.—Plaintiff (appellant) was a guest in the car of defendant (respondent) Lawrence Israel and was severely injured. In an amended complaint plaintiff charged defendant with wilful misconduct. A first trial resulted in a judgment in favor of plaintiff, but the court granted a motion for a new trial, which order is not before us for review (*Furlow etc. Co.* v. *Balboa etc. Co.*, 186 Cal. 754 [200 Pac. 625]), and the second trial resulted in a judgment in favor of defendant, the court finding that defendant was not guilty of wilful misconduct.

It is the first contention of plaintiff that this finding is contrary to the undisputed evidence. We have studied the briefs and read the transcripts, and we are satisfied that there is substantial evidence to support this finding of the trial court. We do not set forth herein the facts and circumstances upon which we rely for this statement for reasons which are fully set out in the case of *Koeberle* v. *Hotchkiss*, 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].

The question whether defendant was or was not guilty of wilful misconduct is not one of law, but one of fact for determination by the fact-finder. Plaintiff makes an extensive review of many of the cases involving wilful misconduct, calling attention in his review that the facts in the instant case are similar to facts in some cases which went for plaintiff and that they are dissimilar to facts in other cases which went for defendant. But after reviewing the cases plaintiff admits that "no hard and fast rule can be laid down as to when wilful misconduct commences and gross negligence ends".

In reviewing the sufficiency of the findings to support the judgment, plaintiff disregards the finding of the ultimate fact that defendant was not guilty of wilful misconduct, and relies wholly upon certain mere probative facts which

are set out in detail in the findings. It is our duty on appeal to indulge all reasonable inferences to support the findings and judgment. It is not shown by the findings that these evidentiary facts were the only facts proved at the trial or that the court found the ultimate fact from these probative facts alone. In the absence of such showing the mere circumstance that some of the probative facts do not support the ultimate fact will not permit us to disregard the ultimate fact if there is substantial evidence to sustain the finding of that fact. (2 Cal. Jur. 871, sec. 511, and cases cited.)

Plaintiff relies greatly upon the cases of *Edwards* v. *Bodenhamer*, 7 Cal. App. (2d) 305 [46 Pac. (2d) 202], and *Gieselman* v. *Uhlman*, 7 Cal. App. (2d) 409 [45 Pac. (2d) 819], both of which were decided on appeal by the Second Appellate District, Division Two. In neither of those cases did the court undertake to determine as a matter of law that certain facts constituted wilful misconduct, merely that in one case there was substantial evidence to sustain the findings of the fact-finder and in the other that the evidence was sufficient so that the case should have been submitted to the jury, rather than go off on an order for a nonsuit. The court said, "It was a question for the jury to determine."

Judgment affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 25, 1935.