[Civ. No. 10468.   Second Appellate District, Division Two.—December 31, 1935.]

CARL A. HALTER, Respondent, v. L. B. MALONE et al., Appellants.

Harry D. Parker and Raymond G. Stanbury for Appellant L. B. Malone.

David D. Stuart, Finlayson, Bennett & Morrow and Henry L. Knoop for Appellant Richard Starling.

Elbert E. Hensley for Respondent.

CRAIL, P. J.—This is an action for damages for personal injuries arising out of an automobile accident. The plaintiff was a guest in the car of defendant Starling in an automobile which Starling was driving along a through boulevard highway .as defined by section 22½ of the California Vehicle Act in a district which was neither a business nor a residence district. Defendant Malone entered this highway in front of the approaching car of defendant Starling from a private driveway, and to avoid a collision Starling attempted to turn into the private driveway and the injuries followed. In order to recover against the defendant Malone it was necessary to prove negligence. In order to recover against the defendant Starling it was necessary to prove wilful misconduct as distinguished from negligence or gross negligence. The jury returned a verdict against both defendants and the appeal is from the judgment thereon. Defendants each prosecute separate appeals.

For a statement of the facts we quote from the plaintiff's briefs as follows: "Plaintiff and respondent was one of three guests riding in appellant Starling's Dodge car. As it proceeded south on Fremont avenue it was traveling at a speed variously estimated at from thirty-five to sixty-five or seventy miles per hour. (Last estimate is by appellant Malone, . . . ) Malone, in a Model 'T' Ford truck entered Fremont in an easterly direction from a private driveway. When Starling first saw the truck Starling's Dodge was about 175 feet away. At that time Starling thought the truck would let him go by in front of it since it was stopped with its front wheels in the west gutter of the street. Accordingly he veered somewhat toward the center of the street. Malone, however, continued out into Fremont, driving his truck slowly until, as Malone admits, his front wheels were 3 or 4 feet beyond the center of the street, and suddenly and without giving any warning or signal, stopped his truck."

Plaintiff's brief continues: "As Malone drew out Starling decided to go behind the truck and so turned to his right, or west. However, as he approached the opening behind the truck, Malone's vehicle stopped *and moved backward*, thus effectually closing the opening in the street through which Starling *had expected to drive*. Malone admits this testimony

of plaintiff's witnesses on page 8 of his brief and its importance cannot be overestimated. It was this sudden stopping and backward movement on the part of Malone's truck which caused Starling to turn sharply into the private driveway from which Malone had come. Starling was unable to avoid hitting an embankment on the far (or southerly) side of the driveway, producing severe and permanent injuries to respondent." The above statement of facts, having been made by plaintiff, undoubtedly states them most favorably to the plaintiff, as indeed it should.

In justice to the trial court it should be observed that the case of *Meek* v. *Fowler,* 3 Cal. (2d) 420 [45 Pac. (2d) 194], had not been determined at the time of the trial of the instant case. In the Meek case the Supreme Court says that it does not attempt to reconcile the several definitions and applications given to the phrase "wilful misconduct" which had arisen in the cases, but adopts as a satisfactory definition of wilful misconduct certain language used in the cases of *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622 [25 Pac. (2d) 988], and *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279]. The Meek case is now the settled law on this subject.

The plaintiff, in order to justify the judgment against Starling, quotes and stresses a part of the last sentence in the passage adopted from the case of *Howard* v. *Howard, supra,* as follows: "Wilful misconduct implies at least . . . the intentional doing of an act with a wanton and reckless disregard of its possible result."

The plaintiff argues that the defendant Starling was guilty of wilful misconduct as follows: "What did appellant do as he approached the truck? Did he slow down in a prudent manner, keeping his car under control for a sudden stop on the part of Malone, as any ordinarily careful driver would have done? No. *Deliberately and intentionally,* as he himself admitted, and knowing that a stop on Malone's part would, in turn, force him to stop or turn to one side to avoid a collision, he continued to approach the truck at a speed of 45 miles per hour (or more) with only the very slightest application of his brakes. It was not until he was within 40 or 50 feet of the truck that he applied his brakes 'hard' but even then he was not trying to stop the car. Yet he testified that at that point he believed he could have stopped his car

before he got to the truck. It was not until he was a mere 20 or 30 feet from the truck that he applied his brakes 'real hard'.''

With regard to the plaintiff's claim that all of Starling's actions in guiding his car and applying his brakes were done ''deliberately and intentionally'', it should be borne in mind that the intent which is included in and implied by the phrase ''wilful misconduct'' relates to the misconduct and not merely to the fact that some act was intentionally done. ''While the word 'wilful' implies an intent, the intention referred to relates to the misconduct and not merely to the fact that some act was intentionally done. In ordinary negligence, and presumably more so in gross negligence, the element of intent to do the act is present and any negligence might be termed misconduct. But wilful misconduct as used in this statute means neither the sort of misconduct involved in any negligence nor the mere intent to do the act which constitutes negligence.'' (Meek v. Fowler, supra.)

There is an entire lack of any substantial evidence of an intention on the part of Starling to do an act with a wanton and reckless disregard of its possible result. This is made especially clear by the statement of the facts in plaintiff's own language.

Paraphrasing the last paragraph of the opinion in the case of Meek v. Fowler, supra, the evidence in the present case is capable of but one construction, namely, that the acts and conduct of the driver of the guest car, whether he was driving at a normal or excessive rate of speed, was a result of his conclusion, mistaken though his judgment might have been, that he could safely do as he did. However, as he approached the opening behind the truck, Malone ''suddenly and without giving any warning or signal stopped his truck'' ''and moved backward, thus effectually closing the opening in the street through which Starling had expected to drive''. His conduct under the circumstances constitutes at most gross negligence. Upon the record now before us it cannot be said that he proceeded in utter disregard of or that he was utterly indifferent to the rights of his guest. While his judgment under the circumstances confronting him might have been poor, it does not appear that he was wantonly reckless in exposing his guest to danger, nor did his conduct partake of a wilful, intentional wrong. We are loath to reverse a judgment which

is based upon the verdict of a jury. Nevertheless this is a case where the record seems to lead inexorably to such a result.

Other points raised by defendant Starling will not be discussed as they will not arise upon a new trial.

■ With regard to the appeal of the defendant Malone, he contends that the trial court erred in instructing the jury in the words of the statute that "the driver of a vehicle entering a public highway from a private road or drive shall yield to all vehicles approaching on such public highway" followed by the instruction that if Malone did not yield the right of way he was guilty of negligence as a matter of law. He argues that the court should have combined with this instruction the element that the statute should be given a reasonable construction and that Malone's duty was only to exercise ordinary care to obey the statute and to "behave as a reasonable man would behave with the privilege of perhaps committing errors of judgment not amounting to negligence". The same criticism is made of another instruction in which the court instructed the jury in the language of the statute, "the driver of any vehicle upon a public highway, before starting, turning or stopping such vehicle, shall first see that such movement can be made in safety, and if it cannot be made in safety, shall wait until it can be made in safety", without adding to the instruction a similar instruction to the effect that Malone's duty was to use such precaution as would satisfy a reasonably prudent person acting under similar circumstances. Plaintiff, in answering this contention, calls attention to the fact that defendant Malone has not complied with rule VIII of this court, wherein it is provided that "where instructions given to a jury are attacked as erroneous, all other instructions given, bearing upon that subject, must be printed in full in appellant's brief". A number of instructions were given on the subject in question, most of them at the request of defendant Malone, in which the duty of Malone under the circumstances is clearly and properly stated. These instructions were not printed by Malone in his opening brief. In another instruction the court instructed the jury to consider all the instructions as a whole. Since defendant Malone failed to print in his brief "all other instructions given upon the subject" he cannot now present the point. (*Coats* v. *Hathorn*, 121 Cal. App. 257 [8 Pac. (2d) 1038].) However, we have examined all the instructions on the subject, for the reason

that defendant Starling maintains that they were too favorable to Malone and therefore injurious to Starling. We find that the instructions as a whole fairly stated the law on these points. There has been no miscarriage of justice as to Malone such as would entitle him to a reversal.

The judgment is reversed as to defendant Starling and is affirmed as to the defendant Malone.

McComb, J., *pro tem.*, concurred.

WOOD, J., Dissenting.—I dissent as to the reversal of the judgment against defendant Starling. The evidence should be stated most favorably to plaintiff, who recovered the judgment, and in my view of the evidence the majority opinion omits the most important facts upon which the jury's verdict rests. Substantial evidence was presented to establish that Starling drove his car down Fremont Avenue at 65 or 70 miles per hour; that as he approached Malone's truck he passed a vehicle moving more slowly; that he did not apply his brakes "real hard" until he was 20 or 30 feet from the truck; that he "flashed" behind the truck and across a driveway 60 feet in width at the rate of 50 miles per hour, so fast, indeed, that he crashed into an embankment on the far side of the driveway with such force as to severely injure one of the occupants of his car. The Starling car left tire marks on the pavement estimated as far as 160 feet.

By the implied finding of the jury it must be held that Starling drove his car down the street at a speed which under the circumstances shown in evidence was not only excessive but was also in violation of law. Such action on his part was undoubtedly misconduct and Starling must be held under the jury's verdict to have known it was misconduct. He drove his car intentionally at a rate of speed in violation of law. Such action was not alone misconduct, it was wilful. He intentionally performed an act which was unlawful.

The facts in *Meek* v. *Fowler, supra,* cited in the majority opinion, are not similar to the facts of the present case. In that case defendant drove his car across a street intersection, increasing his speed to cross in front of the other car, and in holding his conduct to be a result of a mistake of judgment, the Supreme Court said: "The evidence in the present case is capable of but one construction, viz., that the attempt of the

driver of the guest car to cross the intersection in advance of the Peckinpah car, whether he was driving at a normal or an excessive rate of speed, was the result of his conclusion, mistaken though his judgment may have been, that he could safely negotiate said crossing before the arrival of the other car.'' The case before us does not involve a mistake of judgment but rather an intentional driving at a rate of speed under circumstances which bring it within the terms of a definition set forth in the case of *Meek* v. *Fowler, supra.:* ''The phrase 'wilful misconduct', as employed in our so-called guest statute, has been variously defined in the many cases that have had occasion to consider the same. We shall not attempt to reconcile the several .definitions and applications given to this phrase. It is satisfactorily defined in *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622, 626 [25 Pac. (2d) 988], wherein it is declared that ' ''wilful misconduct'', within the meaning of this statute, may then be defined as intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result'.'' Starling's conduct in intentionally driving at the rate of speed and under the circumstances shown in the evidence .brings him within the provision of the first part of the definition just quoted, and his failure to apply his brakes properly until 20 or 30 feet from the truck brings him within the provision of the second part of the definition.

The Constitution assigns to the legislature the duty of enacting the laws and to the jury the duty of passing upon. the facts. The words ''wilful'' and ''misconduct'' are simple and are well understood by the citizenry. The legislature would have provided an explanation or qualification of their use if such had been deemed necessary. Manifestly the legislature intended that the jury in each case should determine what conduct on the part of a driver constitutes wilful misconduct. In the present case the jury has found that Starling's actions constituted wilful misconduct. There is substantial evidence in the record to sustain the jury's findings. By a reversal of the judgment the court substitutes its own view of the evidence for that of the jury.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 27, 1936.