[Civ. No. 5479.   Third Appellate District.—April 20, 1936.]

ISABELLA WEIR, Respondent, v. JOHN LUKES, Appellant.

Hadsell, Sweet, Ingalls & Lamb for Appellant.

Clarence N. Riggins for Respondent.

PULLEN, P. J.—This appeal is taken from a judgment rendered in favor of respondent, who is the mother and heir at law of deceased William J. Weir, who was killed while riding as a guest with John Lukes, appellant herein. The action was based upon the theory that appellant was guilty of conduct which constituted wilful misconduct within the provisions of section 141¾ of the California Vehicle Act. The question here for determination is whether the

acts and conduct of appellant were such as to constitute such wilful misconduct. The facts are briefly as follows:

Appellant, accompanied by decedent as his guest, was driving a light Ford truck northerly along the main highway between Vallejo and Napa. He was following a large dump truck which was approximately eighteen or twenty feet in length and eight and one-half feet in width. A third car was proceeding southerly. The concrete portion of the highway was eighteen feet in width with a white line dividing it into two lanes each nine feet wide. The big truck was traveling about eighteen miles an hour; the car approaching from the north was traveling about forty-five miles an hour, and defendant was following the dump truck on the right side of the highway, at about thirty-five miles an hour. When about twenty feet behind the dump truck defendant swerved out toward the left and looked ahead, and testified, at one point in his testimony, he then saw no car approaching from the north, and at another time testified he saw a car down the highway about five hundred or six hundred feet distant. Defendant then apparently swung again slightly toward the right and partly behind the big truck, accelerated the speed of his car and veered to the left and around the truck. When he was about opposite the driver of the dump truck he then saw the oncoming car which was then less than three hundred feet away. The approaching car drew off the paved portion of the highway on to the shoulder without apparently slacking speed, and the defendant continued forward and swung sharply to his right in front of the dump truck, but failing, or being unable to change his course, continued diagonally across the highway and struck a fence along the easterly side thereof, causing the death of Weir.

It was the contention of defendant, supported by testimony of certain mechanics who examined the Ford truck after the accident, that the steering gear was defective and it locked, thereby preventing defendant from controlling the car, causing it to plunge across the highway.

Upon the foregoing facts it is apparent that defendant was negligent, but we do not believe it is sufficient to support a finding of wilful misconduct. "Wilful misconduct," as said in *Helme* v. *Great Western Milling Co.*, 43 Cal. App. 416 [185 Pac. 510], "means something different from and

more than negligence, however gross''; and adds further, ''to constitute wilful misconduct there must be actual knowledge or that which in the law is esteemed to be the equivalent of actual knowledge of the peril to be apprehended from the failure to act coupled with the conscious failure to act to the end of averting injury.''

In *Howard* v. *Howard*, 132 Cal. App. 124 [22 Pac. (2d) 279], the defendant was driving at a high rate of speed on a wet pavement, approaching a slight curve. The court, considering gross negligence and wilful misconduct, there said that ''wilful misconduct involves a more positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences''. It must amount to misconduct, as distinguished from negligence, and that misconduct must be wilful, and not wilful in the sense that the act was done intentionally, but the intentional doing of such act either with a knowledge that injury is a probable as distinguished from a possible result, or doing intentionally an act with a wanton and reckless disregard of its possible result. It clearly appears that although Howard was mistaken, he thought he could safely drive as he did even though the pavement was wet, and while he intended to drive rapidly he neither intended the result that happened nor was indifferent to the same and was not in such a frame of mind that he did not care whether or not he injured anyone.

In the instant case, defendant, traveling with a friend of many years, wished to pass a slow-moving truck. He either did not see the oncoming car, or if he did he ''thought there was plenty of time to pass''. He discovered too late the car was coming very fast,—''lots faster than I thought he was''. In other words, he misjudged the speed of the approaching car. Even then he did not hit either the car or the truck, but cutting in toward the right, in front of the truck, failed, by reason of a defect in the steering mechanism of his car, to change direction, and continued across the highway into the highway fence.

In *Lemon* v. *Woodbury*, 3 Cal. App. (2d) 595 [40 Pac. (2d) 292], the driver was traveling about fifty-five miles an hour. The road was wet and the tires were smooth. In attempting to turn, the car skidded, injuring plaintiff. The court there said: ''While the driver of this car knew or

should have known that an accident with the consequent injury to one of his guests was possible under the circumstances, we see in the evidence nothing to indicate that he knew or should have known that such an injury was probable. . . . "

It is apparent from the foregoing authorities that it is the mental state of the driver that is important. There must exist intentional misconduct coinciding with knowledge of, or an indifference to, the probability of injury. The act constitutes the misconduct, while the intentional doing of which together with the knowledge of or indifference to the probability of injury constitutes the element of wilfulness.

Analyzing the facts in the case before us in the light of the rule expressed in the foregoing cases, we must conclude the acts of the defendant failed to show wilfulness, in the absence of which one cannot be held for wilful misconduct.

Judgment must therefore be reversed and it is so ordered.

Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 20, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1936.