[Sac. No. 5244. In Bank.—December 20, 1938.]

ED PORTER et al., Respondents, v. NANETTE HOFMAN, Appellant.

H. L. Preston and Lilburn Gibson for Appellant.

Charles Kasch for Respondents.

SHENK, J.—The plaintiffs obtained a judgment in damages for personal injuries to the plaintiff, Mrs. Porter, sustained when the automobile in which she was riding as a guest of the defendant overturned after skidding on wet pavement. The judgment was entered pursuant to the finding of the trial court that the defendant was guilty of wilful misconduct. The defendant appealed from the judgment.

The only question for determination is whether the evidence supports the finding of wilful misconduct.

Mrs. Hofman and Mrs. Porter were close friends. Mrs. Hofman conducted a business in Ukiah and had occasion to drive her car on frequent trips to San Francisco, on many of which she invited Mrs. Porter to accompany her. On April 19, 1936, Mrs. Hofman invited Mrs. Porter to make such a trip with her. Mrs. Hofman also took along her seven-year-old son. The three arrived safely in San Francisco and Mrs. Hofman completed her business. Early on the afternoon of April 21st they commenced the return trip to Ukiah. Somewhere between San Francisco and Healdsburg they picked up Eugene Walker, a resident of Ukiah. Mrs. Porter sat in the front seat with Mrs. Hofman, and young Walker and the Hofman boy sat in the rear seat. At Healdsburg they encountered rain, which continued intermittently during the course of the next thirty miles. The car skidded slightly twice on the wet pavement but apparently not dangerously, and Mrs. Porter admitted that she was not frightened. However, she suggested to Mrs. Hofman that she drive nearer the center of the road and reduce her speed. There is no evidence that at any time the speed of the car exceeded 45 miles an hour, and that rate was not maintained going around curves or through towns. Numerous curves on the portion of the highway between Healdsburg and Ukiah were taken with safety and without any indication of danger. At some moment preceding the accident—it does not appear precisely when—Mrs. Hofman asked what the boys were doing. Mrs. Porter said they were playing with a toy air-

plane. Mrs. Hofman turned her head and a portion of her body around for a look without relinquishing her hold on the steering wheel. At this point in their travels they were about six miles south of Ukiah. They had just passed around a slight curve following a descent on a six per cent grade, and over a straight stretch preceding another ascent. Mrs. Hofman there lost control of the car, which skidded off the pavement and on to the parallel dirt portion between the paved highway and a fence. For a distance of about 130 feet she attempted to hold the car and bring it back to the pavement, but at the entrance to a lane it turned over. spun on its top and landed upright on its four wheels. It was in evidence that similar accidents on that part of the road were not unusual, eight having occurred in the six weeks preceding the accident here involved, and a number prior to that period.

 The facts are not in dispute. But they fall far short of evidencing that condition which must obtain before a defendant in such an action may be said to be guilty of wilful misconduct. What is wilful misconduct as used in section 141¾ of the California Vehicle Act (Stats. 1923, p. 517, now section 403, Vehicle Code, Stats. 1935, p. 93), has been reiterated many times. (See cases cited in *Parsons* v. *Fuller*, 8 Cal. (2d) 463 [66 Pac. (2d) 430], *Jones* v. *Hathway*, 22 Cal. App. (2d) 316 [70 Pac. (2d) 681], and *Ceikin* v. *Goldman*, 5 Cal. App. (2d) 162 [42 Pac. (2d) 719]; also, *Wright* v. *Sellers*, 25 Cal. App. (2d) 603 [78 Pac. (2d) 209].) In *Parsons* v. *Fuller, supra,* at page 468, this court approved the following definitions of wilful misconduct:

"Wilful misconduct is defined in the case of *Norton* v. *Puter,* 138 Cal. App. 253 [32 Pac. (2d) 172], . . . as follows:

" 'Wilful misconduct depends upon the facts of a particular case, and necessarily involves deliberate, intentional, *or wanton* conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, *that danger is likely to result therefrom. (Helme* v. *Great Western Milling Co.,* 43 Cal. App. 416 [185 Pac. 510]; *Olson* v. *Gay,* 135 Cal. App. 726 [27 Pac. (2d) 922]; *Walker* v. *Bacon,* 132 Cal. App. 625 [23 Pac. (2d) 520]; *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279].) Webster's New International Dictionary, page 1379, defines "Misconduct" as "wrong or improper conduct; bad be-

havior; unlawful behavior or conduct, malfeasance''. (40 Cal. Jur., p. 1221.) Wilfulness necessarily involves the performance of a deliberate or intentional act or omission regardless of the consequences. In *Helme* v. *Great Western Milling Co., supra,* it is said: '' 'Wilful misconduct' means something different from and more than negligence, however, gross. The term 'serious and wilful misconduct' is described by the Supreme Judicial Court of Massachusetts as being something 'much more than mere negligence, or even gross or culpable negligence' and as involving 'conduct of a *quasi* criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its possible consequences'. (*In re Burns,* 218 Mass. 8 [Ann. Cas. 1916A, 787, 105 N. E. 601].) ■ The mere failure to perform a statutory duty is not alone, wilful misconduct. It amounts only to simple negligence. To constitute 'wilful misconduct' there must be actual knowledge, or that which in the law is esteemed to be the equivalent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury. (*Smith* v. *Central etc. Ry. Co.,* 165 Ala. 407 [51 So. 792].) '' ' '' To this must be added the element included in the definition approved in *Meek* v. *Fowler,* 3 Cal. (2d) 420, 425 [45 Pac. (2d) 194], and cases following it, of actual knowledge or its equivalent that an injury to a guest will be a probable result.

We need not again enter upon a review of the considerations surrounding the enactment of the legislation and which bear upon the adoption of the quoted definition as appropriate thereunder. All of these considerations are discussed at length in the cases cited herein. ■ It is unnecessary in this case to do more than point to the language of the above-quoted definitions to emphasize the fact that the present record is devoid of any evidence that Mrs. Hofman, if guilty of anything, was guilty of anything more than negligence, for which no recovery may be had by the plaintiffs under the provisions of the California Vehicle Act. Before liability arises there must be shown actual knowledge, or its equivalent, on the part of the defendant of peril to be apprehended coupled with a conscious failure to act to the end of averting injury. (*Meek* v. *Fowler, supra,* p. 425.) Even if it be assumed that the skidding commenced while Mrs. Hofman's

head was turned, there is no circumstance in the record disclosing either express or implied knowledge on her part that probable injury to any guest in the car would follow from any conduct on her part. On the contrary it appears that Mrs. Hofman was more concerned with the safety of her son and close friend than otherwise. There is here no conscious reckless disregard of their safety as was involved in cases such as those relied upon by the plaintiffs (see *Wright* v. *Sellers, supra; Jones* v. *Hathway,* 22 Cal. App. (2d) 316 [70 Pac. (2d) 681] ; *Jackie Coogan Prod., Inc.,* v. *Industrial Acc. Com.,* 21 Cal. App. (2d) 225 [68 Pac. (2d) 750] ; *Frank* v. *Myers,* 16 Cal. App. (2d) 16 [60 Pac. (2d) 144] ; *Candini* v. *Hiatt,* 9 Cal. App. (2d) 679 [50 Pac. (2d) 843] ; *Parsons* v. *Fuller,* 8 Cal. (2d) 463 [66 Pac. (2d) 430] ; *Edwards* v. *Bodenhamer,* 7 Cal. App. (2d) 305 [46 Pac. (2d) 202] ; *Gieselman* v. *Uhlman,* 7 Cal. App. (2d) 409 [45 Pac. (2d) 819] ; *Sanford* v. *Grady,* 1 Cal. App. (2d) 365 [36 Pac. (2d) 652, 37 Pac. (2d) 475] ; *Norton* v. *Puter,* 138 Cal. App. 253 [32 Pac. (2d) 172] ; *Olson* v. *Gay,* 135 Cal. App. 726 [27 Pac. (2d) 922] ; *Walker* v. *Bacon,* 132 Cal. App. 625, 630 [23 Pac. (2d) 520]), and which led to the conclusion therein that the evidence warranted a finding that wilful misconduct had occurred. In another case the driver's act of turning to adjust the head of his sleeping companion, resulting in the truck colliding with a car coming from the opposite direction, was held not to amount to wilful misconduct, and a judgment for the plaintiff was reversed. (*Bartlett* v. *Jackson,* 13 Cal. App. (2d) 435 [56 Pac. (2d) 1298].) Similarly in other cases, some of which are cited below, the facts failed to reveal misconduct on the part of defendants within the meaning of the approved definition and the courts unhesitatingly reversed judgments or orders favorable to the plaintiffs therein. (*Meek* v. *Fowler,* 3 Cal. (2d) 420 [45 Pac. (2d) 194] ; *Weir* v. *Lukes,* 13 Cal. App. (2d) 312 [56 Pac. (2d) 987] ; *McLeod* v. *Dutton,* 13 Cal. App. (2d) 545 [57 Pac. (2d) 189] ; *Halter* v. *Malone,* 11 Cal. App. (2d) 79 [53 Pac. (2d) 374] ; *Newman* v. *Solt,* 8 Cal. App. (2d) 50 [47 Pac. (2d) 289] ; *Ceikin* v. *Goldman, supra; Lennon* v. *Woodbury,* 3 Cal. App. (2d) 595 [40 Pac. (2d) 292] ; *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622 [25 Pac. (2d) 988] ; *Howard* v. *Howard,* 132 Cal. App. 124, 130 [22 Pac. (2d)

279]; see, also, *Hall* v. *Mazzei*, 14 Cal. App. (2d) 48 [57 Pac. (2d) 948].)

The record in this case calls for similar action.

The judgment is reversed.

Langdon, J., Waste, C. J., Curtis, J., Edmonds, J., and Houser, J., concurred.

SEAWELL, J., Dissenting.—I dissent. The only question presented on this appeal is whether the driver of an automobile is liable in damages to a guest for injuries which were the proximate result of the acts of the driver losing control of the car by reason of turning almost completely in her seat to engage in conversation with guests occupying the rear seat while the car was descending a six per cent oiled road bed, twenty feet wide with graveled shoulders, wet from rain on a cloudy day, and traveling at the rate of approximately forty-five miles per hour, as found by the trial judge, with the warning that the car had skidded but a relatively short time before the accident happened. The trial court with all the facts before it held that the driver was guilty of wilful misconduct. There is substantial evidence in the record sustaining the findings of the trial court and the judgment, in my opinion, should not be disturbed.

Rehearing denied. Seawell, J., voted for a rehearing.